DEHMER *v.* HEDERMAN

No. 43491 April 19, 1965 173 So. 2d 924

May 10, 1965 175 So. 2d 136

*Cox, Dunn & Clark,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellee.

GILLESPIE, J.

Henry H. Hederman, Sr., sued Joe T. Dehmer for damages to the plaintiff's automobile sustained in a collision between plaintiff's vehicle, driven by his son, and the Dehmer vehicle, driven by himself. At the conclusion of the testimony the court instructed the jury to return a verdict in favor of the plaintiff for the amount sued for, and judgment was entered accordingly. Dehmer appealed.

The collision occurred in the southwest part of the intersection of Highland Drive and Lakeland Drive in the City of Jackson. Highland Drive intersects Lakeland Drive from the south and forms a "T" intersection. There is a stop sign painted on the pavement for vehicles traveling west on Lakeland and making a left-hand turn into Highland Drive. Lakeland Drive crosses a bridge over U. S. Highway 55, the east end of which is 71 feet west of the stop sign above referred to. The bridge is 171 feet in length. There is no physical obstruction interfering with the vision of a driver looking

west with his vehicle stopped at the said stop sign. Both Lakeland and Highland Drives are four-lane streets separated by median strips. The Dehmer vehicle was traveling west on Lakeland Drive with his left turn signal on as he approached the intersection and made a left turn so that his station wagon was facing south and stopped at the stop sign. He then proceeded across the intersection and was partly across it when his station wagon was struck just behind the front door on the right side by the Hederman vehicle, which was traveling east on Lakeland Drive. The Dehmer station wagon was totally destroyed and the Hederman vehicle was substantially damaged.

The declaration charged Dehmer with negligence (1) in turning his vehicle to the left into the intersection at a time when the Hederman vehicle was within the intersection, or so close thereto as to constitute an immediate hazard; (2) in failing and refusing to yield the right of way to the Hederman vehicle in violation of Mississippi Code Section 8196 (1956); (3) in not having his automobile under easy, safe and constant control; (4) in failing to give a signal of his intention to turn in violation of section 8192 of the Code, and (5) in driving his vehicle directly into the path of the oncoming vehicle.

The answer denied these allegations and charged the driver of the Hederman vehicle was guilty of negligence consisting of (1) excessive speed, (2) failure to slacken speed on approaching the intersection, (3) failure to keep and maintain a proper lookout, and (4) failure to yield the right of way.

Appellant assigns as error the granting of the peremptory instruction which foreclosed the question of the liability of Dehmer and directed the jury to find for the full amount sued for. We have carefully reviewed the testimony and are of the opinion that it was error to grant the peremptory instruction.

It is uniformly held that in determining whether a peremptory instruction should be given the court must look solely to the testimony on behalf of the party against whom the peremptory instruction is requested, and must take that testimony as true along with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict should be granted. See Meaut v. Langlinais, 240 Miss. 242, 126 So. 2d 866 (1961). Therefore, we view the evidence in this case in the light most favorable to Dehmer and look to it solely, together with all inferences that may be drawn therefrom. The facts are stated in accord with this rule.

The accident occurred on a misty and foggy night about 8:15; visibility was poor; the pavement was wet and slick. Dehmer drove his station wagon west toward the intersection and turned on his left turn signal before reaching the intersection. His headlights were burning and the window to his right front door was closed and the glass was wet. Dehmer was thoroughly familiar with the intersection. He made his left turn and stopped, headed south, at the place indicated by a sign painted on the pavement. He looked to his right, or west, and could see approximately to the west end of the bridge and saw no vehicle coming. He then looked to the south and seeing no vehicle approaching from that direction, he proceeded across the intersection. When the Dehmer station wagon was nearly through the intersection, with part of it south of the south line of Lakeland, it was struck just to the rear of the center column on the right side with sufficient force to completely destroy it. The front door fell off; the vehicle was knocked eastward 78 feet and came to rest near the southeast corner of the intersection. The

point of impact was in the south lane for eastbound traffic of Lakeland Drive, and the photographs show that there was ample room for the Hederman vehicle to have turned to the left behind the Dehmer vehicle.

The version of the driver of the Hederman vehicle is undisputed. He stated that he was driving a new Chrysler New Yorker automobile east on Lakeland. His headlights were on dim; the windshield wipers were on; he was thoroughly familiar with the intersection, and knew about the stop sign, and that it was a busy intersection. He was traveling about thirty miles an hour and when he got to the crest of a hill west of the intersection, he took his foot off the accelerator and proceeded on down to the intersection without accelerating his car. His speed was about twenty-five miles an hour when he reached the west end of the bridge, which is about 241 feet from the point of impact. At that point he saw the Dehmer vehicle making a left turn but assumed it would stop and yield the right of way to him. He continued across the bridge at a speed of about twenty-five miles an hour and as he came off the bridge, about sixty feet from the point of impact, he saw the Dehmer vehicle had pulled past the stop sign with about two-thirds of his automobile past the stop sign. He stated that he then applied his brakes as soon as he could and tried to swerve to the left but could not stop. He stated his brakes slowed the car some but did not hold because of the slick pavement.

We are of the opinion that the jury had a right to find (1) that Dehmer was not guilty of negligence proximately contributing to the collision and damages to the Hederman automobile; or (2) that Dehmer's negligence was the sole proximate cause of the collision; or (3) that Dehmer was guilty of negligence which was a contributing proximate cause of the collision but was not the sole proximate cause; or (4) that the driver of the Hederman vehicle was guilty of negligence which was

the sole proximate cause of the collision; or (5) that the driver of the Hederman vehicle was not guilty of any negligence proximately contributing to the collision; or (6) that the driver of the Hederman vehicle was guilty of negligence which was a contributing proximate cause but not the sole cause of the collision.

The oral testimony and the physical facts, including the damage to the vehicles, the distance and direction they moved after the impact until they came to rest, the location of the debris, and the condition of the street would have justified a finding that (1) the driver of the Hederman vehicle was mistaken in his estimate of his speed, and was in fact traveling at a much greater rate of speed than twenty-five miles an hour when he approached the intersection; or (2) that he failed to keep a proper lookout as he approached the intersection; or (3) failed to yield the right of way when the Dehmer vehicle had first lawfully entered the intersection; or (4) that twenty-five miles an hour was an excessive rate of speed at the time and place and under the circumstances. All questions of negligence of both parties should have been submitted to the jury under proper instructions.

Appellant also contends there was not sufficient evidence to justify the directed verdict for the sum of $3442.53, the amount sued for. However, it is not necessary for us to discuss the proof on the question of damages since the case must be reversed on the first assignment of error. We are of the opinion, however, that there was sufficient evidence offered by the plaintiff to submit to the jury the question of the amount of damages. The plaintiff offered proof to show the fair market value of the vehicle before the collision and its fair market value immediately thereafter. Appellant contends that the proper measure of damages for the damage to a motor vehicle is the reasonable cost of necessary repairs, plus the difference, if any, between

the value of the automobile before the damage and its fair market value after it was repaired. This Court has never held that the last mentioned measure of damages is the only way damages may be proved. The before and after rule properly applied is one of the proper methods of establishing damages to a motor vehicle.

Reversed and remanded.

*Lee, C. J., and Ethridge, Brady and Inzer, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.:

In arguing that the Court erred in holding that the jury had a right to find defendant not guilty of negligence proximately contributing to the collision, appellee quotes the following portion of our opinion: "When the Dehmer station wagon was nearly through the intersection, with part of it south of the south lane of Lakeland, it was struck just to the rear of the center column on the right side with sufficient force to completely destroy it. . . ." Appellee then states that this statement is not supported by the record. He concedes the facts must be stated in the light most favorable to appellant, in view of the peremptory instruction for plaintiff below, appellee here.

The plat introduced by appellee was used in questioning Dehmer, and he diagrammed on it where his automobile was when struck. This diagram shows that over half of the Dehmer vehicle was south of the south line of Lakeland Drive, and was therefore not only nearly through the intersection but more than half of the station wagon had passed out of the intersection into Highland Drive.

Appellee also says that the Court incorrectly stated the facts in the opinion when it was said that: "As the Hederman automobile came off the bridge about

sixty feet from the point of impact, its driver saw the Dehmer vehicle had pulled past the stop sign with about two-thirds of his automobile past the stop sign." In making that statement, the Court was paraphrasing the testimony of Hiram Henry Hederman, Jr., who testified as follows, in response to a question as to when it occurred to him that the right of way might not be yielded to him: "As I was coming off the bridge, right along here, I saw he was going to start through the intersection when I got along here, I guess about two-thirds of his car was pulled past the stop sign — two-thirds of his station wagon." He had already testified that he was fifty-five or sixty feet away when he applied his brakes, and that he was about this distance away from the Dehmer car when he realized that Dehmer was pulling into the intersection.

The Court has again reviewed the evidence, in view of the charges that the facts were incorrectly stated, and finds that the Court was correct in stating the facts. █ It is not the proper function of a suggestion of error to require a rereading of the evidence, in order to point out that the facts were correctly stated in the opinion.

 █ In our original opinion we stated what the jury could find with reference to the negligence of the two drivers. On suggestion of error, appellee construes this as holding that the negligence of Hiram Henry Hederman, Jr. could be imputed to his father, and that the jury could diminish plaintiff's damages under the comparative negligence doctrine. Appellant did not contend that he was entitled to the benefit of the comparative negligence statute, and we did not say that the jury could impute the driver's negligence to plaintiff, who owned the automobile. This question was not before us.

Suggestion of error overruled.

*Lee, C. J., and Gillespie, Rodgers, Jones, Brady, Patterson and Inzer, JJ.,* concur.