SMITH, Justice.
Appellants are the surviving heirs at law of Deborah Ann Scott and were plaintiffs in the Circuit Court of Clarke County in an action for damages for her alleged wrongful death brought against ap-pellee, Veta Fay Lewis, under Mississippi Code 1942 Annotated, section 1453 (Supp. 1966).
Deborah Ann Scott was killed instantly when an automobile being driven by her brother and in which she was riding, collided with an automobile being driven by appellee, Veta Fay Lewis.
This tragic incident occurred at about 2:00 o’clock on the afternoon of June 11, 1967, on the Clarko- Stonewall Road in Clarke County. At the point of the collision there was a sharp curve in the road. Veta Fay Lewis was turning to her right on the inside lane of the curve, the Scott automobile, traveling in the opposite direction, was turning to its left on the outside. There was no painted center line.
The only survivors were Veta Fay Lewis and her baby, both of whom were injured. The baby was too young to testify. Veta Fay Lewis did not testify at the trial and there was no other eye witness to give evidence as to how the collision had occurred nor as to its cause or causes.
Evidence upon the issue of liability, therefore, was limited to testimony of a highway patrolman, who had arrived sometime after the accident, photographs he had made of the scene and of the vehicles, and aerial photographs of the road showing the curve.
At the conclusion of the evidence for plaintiffs the trial court sustained appel-lee’s motion to exclude the evidence and to direct the jury to return a verdict in her favor. This appeal is from, the judgment entered pursuant to that verdict.
In considering the propriety of the trial court’s action this Court will accept as true all that the evidence proved or reasonably tended to prove, as well as all reasonable inferences to be drawn from it favorable to the appellants.
The burden of proof was upon appellants to establish by evidence: (1) that Veta Fay Lewis was guilty of negligence in the operation of her automobile on the occasion in question, and (2) that such neg *664 ligence proximately contributed to the collision and death of Deborah Ann Scott.
This burden is not met if the evidence, under the rule stated, leaves either of these questions in the realm of speculation or conjecture.
Ballentine’s Law Dictionary (2d ed. 1948) defines inference as:
The conclusion drawn on reason from premises established by proof. In a sense, it is the thing proved. It is to be distinguished from ‘guesswork.’ See Whitehouse v. Bolster, 95 Me. 458, 50 A. 240.
The same work defines conjecture as:
A guess founded upon slight evidence or none at all.
A vast field into which no jury is permitted to roam. If they were, no man’s property would be worth having. See Meidel v. Anthis, 71 Ill. 241, 245.
The evidence in the record is insufficient to warrant “a conclusion drawn on reason” that Veta Fay Lewis was guilty of negligence or that negligence on her part proximately caused or contributed to the collision. It is not enough that one may speculate or conjecture as to these matters. We think this case is controlled by the principles laid down in Denman, v. Denman, 242 Miss. 59, 134 So.2d 457 (1961) in which this subject was fully explored. The authorities are collated and discussed at length in the opinion in Denman, and it is unnecessary to repeat what was said here.
In Blizzard v. Fitzsimmons, 193 Miss. 484, 10 So.2d 343 (1942), it was held that where it cannot be determined which of several possible causes produced an injury and some of these causes do not involve negligence on the part of the party charged, recovery cannot be had. The Court said that a judgment cannot be sustained where it rests upon conjecture and surmise.
In 38 Am.Jur., Negligence, section 334 at 1033-34 (1941), it is stated:
“ * * * In view of the fact that the burden of proof is on the plaintiff, such circumstances (relied upon for recovery) must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more than consistent with plaintiff’s theory as to how the accident occurred. Where the proof of causal connection is equally balanced, or the facts are as consistent with one theory as with another, plaintiff has not met the burden the law casts upon him.”
In Berry v. Brunt, 252 Miss. 194, 203, 172 So.2d 398, 402 (1965), this Court said:
“The Court has repeatedly held that in trials under the common law, to prove a ‘possibility’ only, or to leave the issue to surmise and conjecture, is never sufficient to sustain a verdict in a tort action. A mere scintilla of evidence of negligence is insufficient to make a jury issue. The scintilla rule of evidence is not recognized in this State.”
Appellant complained that they decided to call Veta Fay Lewis as an adverse witness but were unable to do so as she was not present at the trial. Although a subpoena was requested, it was not served, and the effort to call her was made after the trial had been in progress for some time. No continuance or delay was requested and no further effort was made to obtain her presence. Nor does it appear what it was that appellants expected to prove by her testimony. These circumstances are insufficient to put the trial court in error with respect to this matter.
We are of the opinion that the trial court was correct in directing a verdict for appellee and that the judgment appealed from should be affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, INZER and ROBERTSON, JJ., concur.