GILLESPIE, Chief Justice:
This is an appeal from the Circuit Court of Warren County. Ricky Andre Rochel McGee (plaintiff), a seven-year old boy, sued Regina Coccaro (defendant) for personal injuries sustained by plaintiff when struck by an automobile driven by defendant. The jury returned a verdict for $10,000. Defendant filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court sustained the motion for judgment notwithstanding the verdict and entered judgment for defendant. Plaintiff appealed.
Defendant was driving her Chevrolet automobile north on Drummond Street in the City of Vicksburg. As she drove through an area partly business and partly residential, there were five or six cars parked perpendicular to the curb in front of the Magnolia Fountain, an ice cream store. Plaintiff ran from behind the northernmost of the parked cars and reached a point near the center of Drum-mond Street when he was struck by defendant’s car. Defendant’s car laid down thirty-nine feet of skid marks and was nearly stopped when plaintiff was struck. He was knocked down and landed on his head, and sustained extremely serious and permanent injuries. The declaration alleged excessive speed, failing to keep a proper lookout, and failing to keep the car under reasonable and proper control.
It is uniformly held that in determining whether a peremptory instruction should be given, or a motion notwithstanding the verdict should be sustained, the court must look solely to the testimony on behalf of the party against whom the motion is made, and consider that testimony as true, together with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict should be granted. Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924 (1965), 252 Miss. 839, 175 So.2d 136 (1965). This rule was reaffirmed in Logan v. Thomas, Miss., 259 So.2d 480, decided March 13, 1972.
We have reviewed the evidence in this case in the light most favorable to plaintiff and looking solely to the evidence favorable to plaintiff, together with all reasonable inferences that may be drawn therefrom, we conclude that the trial court erred in sustaining the motion for judgment notwithstanding the verdict. There was no evidence sustaining the charges of failing to keep a proper lookout or failing to keep the car under reasonable control. There was more than a scintilla of evidence of the issue of speed, although of minimum probative value.
Defendant's motion in the trial court was for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. In her brief, defendant raises this question and requests the Court to consider this alternative motion in the event it finds that the trial court erred in sustaining the motion for judgment notwithstanding the verdict.
As stated above, in determining whether the case should be submitted to the jury, the court must look solely to the evidence *467 favorable to the party against whom a motion for a peremptory instruction or a motion for a judgment notwithstanding the verdict is made, and must not consider the testimony of the opposite party. On the other hand, in determining whether a case is contrary to the overwhelming weight of the evidence the court must consider the evidence together. Employers Mutual Casualty Co. v. Ainsworth, 249 Miss. 808, 164 So.2d 412 (1964).
The Court has never attempted to prescribe any elaborate formula, adequate to meet all cases, as to when a verdict will be considered contrary to the overwhelming weight of the evidence. In the instant case, we find it unnecessary to belabor the point because the trial court was of the opinion that there was insufficient evidence to make a jury issue. He necessarily found that the verdict was contrary to the overwhelming weight of the evidence. Therefore, we will consider this case in the same posture and in the same light as if the trial court had granted a new trial because the verdict was contrary to the overwhelming weight of the evidence. Moreover, we are of the opinion that the verdict in this case was indeed contrary to the overwhelming weight of the evidence. The testimony regarding the speed of defendant’s automobile showed that the children who so testified either did not have an opportunity to observe the speed of the automobile or that they were not shown to be qualified to have an opinion.
For .the reasons stated, we reverse the action of the trial court in sustaining the motion for judgment notwithstanding the verdict, hold that the verdict was contrary to the overwhelming weight of the evidence, and remand the case for a new trial.
Reversed and remanded.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.