349 So.2d 1055 (1977)
Willie Edward WARN
v.
STATE of Mississippi.
No. 49852.
Supreme Court of Mississippi.
September 21, 1977.
Sims & Sims, C. Darrell Reeves, Jr., Richard E. Burdine, Columbus, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., BROOM and LEE, JJ., and SULLIVAN, Commissioner.
MICHAEL SULLIVAN, Commissioner for the Court:[1]
Rape was the offense for which appellant, Willie Edward Warn, was tried and convicted in the Circuit Court of Lowndes County, Mississippi. He appeals from a judgment requiring him to serve thirty years imprisonment. We affirm.
No purpose would be served by setting out the facts in this case. Suffice it to say that the appellant's sole contention is that the trial court's denial of peremptory instruction to return a verdict of not guilty was error. The basis of appellant's argument is that the prosecutrix did not resist with reasonable force.
Peremptory instructions should be refused if there is enough evidence to support a verdict. There was.
The law regarding peremptory instructions in Mississippi is stated in Cochran v. State, 278 So.2d 451, 453 (Miss. 1973):

*1056 The rule in regard to a peremptory instruction is the same in criminal and civil cases, the rule being that when all the evidence on behalf of the state is taken as true, together with all sound or reasonable inferences that may be drawn therefrom if there is enough to support a verdict of conviction, the peremptory instruction must be denied.
See Newton v. State, 321 So.2d 298 (Miss. 1975); Daniels v. State, 312 So.2d 706 (Miss. 1975); Norman v. State, 302 So.2d 254 (Miss. 1974), cert. den. 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 453 (1975); Fields v. State, 293 So.2d 430 (Miss. 1974).
The basic rule was recently restated in Rich v. State, 322 So.2d 468, 469 (Miss. 1975), where this Court quoted the following passage from Roberson v. State, 257 So.2d 505 (Miss. 1972):
We have repeatedly pointed out that the trial judge in passing upon a motion for a directed verdict or peremptory instruction must assume that all evidence for the State is true, and must assume that all reasonable inferences that may be drawn from the evidence by the jury of reasonable men, is true, and if from all the testimony, there is enough in the record to support a verdict, the motion for a peremptory instruction should be overruled. Redwine v. State, 149 Miss. 741, 115 So. 889 (1928). (257 So.2d at 507).
In McGee v. Coccaro, 261 So.2d 465 (Miss. 1972), this Court said:
It is uniformly held that in determining whether a peremptory instruction should be given, or a motion notwithstanding the verdict should be sustained, the court must look solely to the testimony on behalf of the party against whom the motion is made, and consider that testimony as true, together with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict should be granted. Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924 (1965), 252 Miss. 839, 175 So.2d 136 (1965). This rule was reaffirmed in Logan v. Thomas, Miss., 259 So.2d 480, decided March 13, 1972.
When this rule is applied to this case, it is clear that it was not error to deny the peremptory instruction.
We therefore affirm the judgment in this case.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.