379 So.2d 495 (1979)
Mrs. Gary MINOR
v.
STATE of Mississippi.
No. 51238.
Supreme Court of Mississippi.
September 5, 1979.
*496 Brown, Alexander & Sanders, Everett T. Sanders, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Special Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Mrs. Gary Ann Minor was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County (Honorable William F. Coleman, presiding) for embezzlement and was sentenced to five (5) years in custody of the Mississippi State Department of Corrections. She appeals and assigns five (5) errors in the trial below.

I.
Was the verdict against the overwhelming weight of the credible evidence?
Appellant was employed by the First National Bank of Jackson, Mississippi, from October 4, 1976 to November 22, 1977, when she was terminated. During May, 1977, and particularly on May 9, appellee was a clerk and was totally in charge of, and responsible for, the Christmas Club accounts of said bank. On that date, appellant prepared a debit slip on a non-existent Christmas Club account in the sum of four hundred dollars ($400.00), presented it to Mrs. Fran Rhodes, a teller at the bank, and received the $400.00 in cash. Appellant denied receiving the money. The evidence further reflects bank rules provided that a Christmas Club account could not be partially withdrawn, but that on May 9, 1977, appellant made a partial withdrawal from the customer Christmas Club account of Mrs. Sally Allen in the amount of one hundred dollars ($100.00). Subsequently, Mrs. Allen received a check in the sum of four hundred dollars ($400.00) for her account, when the correct amount should have been five hundred dollars ($500.00). She declined to accept same and then was paid $500.00 by the bank. All withdrawals from the Christmas Club accounts were required to be made through appellant.
The rule applicable to motions for directed verdicts and requests for peremptory instructions in criminal cases apply on the question here presented. All facts favorable to the State together with all reasonable inferences flowing therefrom are considered as true and, if they are sufficient to support a verdict of guilty, then the question is resolved against the appellant. Warn v. State, 349 So.2d 1055 (Miss. 1977).
The proof for the State here was sufficient to support the verdict and it was not contrary to the overwhelming weight of the evidence.

II.
Did the trial court err in admitting in evidence incompetent and prejudicial matters?
Appellant assigns three (3) errors relating to incompetent, irrelevant, and prejudicial evidence. She contends that the court erred in (1) admitting appellant's bank statements and deposit slips over a period from December 7, 1976 through December, 1977, together with testimony in regard to them, (2) that Exhibits 1 through 6 constituted hearsay evidence, and (3) that Exhibits 2, 4, 5 and 6 (computer printouts) should not have been admitted upon the testimony of Charles Bailey, since he was not an expert, supervising those computer printouts.
The bank statements and deposit slips of appellant reflected cash deposits into her account, which were in addition to her admitted income, and were competent *497 to shed light upon the charge against her. In 29 Am.Jur.2d Evidence § 266, at 315 (1967) the general rule is stated:
"The modern doctrine is extremely liberal in the admission of any circumstances which may throw light upon the matter being investigated, and great latitude must be given the prosecution in the production of its evidence in proof of criminal charges... . [W]here the proper determination of a fact depends upon circumstantial evidence, the safe practical rule to follow is that in no cases is evidence to be excluded of facts or circumstances connected with the principal transaction from which an inference can be reasonably drawn as to the truth of a disputed fact."
Also, appellant introduced testimony to explain her version of the deposits and the entries on the statements. The evidence was properly admitted.
Exhibit 1 was the $400.00 debit executed by appellant, Exhibit 3 was a miscellaneous savings transaction form, and Exhibits 2, 4, 5 and 6 were computer printouts. Those exhibits were introduced pursuant to the identification of Charles E. Bailey, Jr., senior vice president and comptroller of the First National Bank. He was in charge of the security department, had been employed by First National Bank twenty-three (23) years, worked with all the internal operating departments of the bank and department heads, and was security officer of the bank. He was knowledgeable with all types of accounts in the bank. Bailey testified that he was familiar with the operation of the computer, that he analyzed data received from same and was qualified to do so.
All of the State's exhibits were kept and used in the normal course of business and were in the custody and control of Mr. Bailey, a high official in the bank. Their introduction was not objectionable on the ground of hearsay evidence.
Appellant further complains that the computer printouts, Exhibits 2, 4, 5 and 6, should not have been admitted because Mr. Bailey was not qualified as a computer expert. In Chrysler Credit Corporation v. Bank of Wiggins, 358 So.2d 714 (Miss. 1978), quoting from King v. State, ex rel. Murdock Acceptance Corp., 222 So.2d 393 (Miss. 1969), this Court stated the foundation for admitting a computer printout into evidence:
"`(1) ... [T]he electronic computing equipment is recognized as standard equipment, and (2) the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and (3) the foundation testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission.' 222 So.2d at 398." 358 So.2d at 718.
We are of the opinion that the evidence sufficiently showed the above requirements and that the printouts were properly admitted.

III.
Did the trial court err in permitting the district attorney to engage in prejudicial conduct?
Appellant argues that the trial court erred in permitting the State to cross-examine appellant's husband as to the illegality of his gambling and the failure to report his gambling income on a tax return; also, in permitting examination by the State of the appellant as to her employment at Fidelity Bank and her discharge from that bank. Appellant's husband testified that he had given cash sums of money to appellant and that he received those sums from gambling. She went into, and brought out, evidence of the gambling income in an attempt to explain the source of cash flow to appellant's account and both appellant and her husband testified to those facts. The district attorney was properly permitted to cross-examine the witness on such matters. Further, no objection was made to the cross-examination at the time such testimony was given.
When the appellant testified on cross-examination, the district attorney inquired *498 about her employment at Fidelity Bank and whether she was terminated by that bank. An objection was interposed and sustained by the court. The testimony follows:
"Q. Did you work after you left the bank?
A. Yes, I did.
Q. Where did you work?
A. Fidelity Bank.
Q. Okay. Were you terminated at Fidelity Bank?
A. Yes, I was.
Q. Why were you terminated at Fidelity Bank?
BY MR. BROWN: Your Honor, we restate our objection to those questions and assume its been running all the time he's asked them.
BY THE COURT: Objection is sustained."
No objection was made to the question of whether or not she was terminated by Fidelity Bank. The objection was made when the question was asked why she was terminated and the objection was sustained by the Court. Appellant did not answer the question. Although appellant moved for a mistrial, which was overruled, she did not request the court to instruct the jury to disregard the question. We are of the opinion that no error was committed by the court.
Appellant complains of improper statements made by the prosecution during closing argument, but the record does not contain the argument and the point has not been preserved. There is no merit in this assignment.

IV.
Did the court err in granting Instruction S-1 requested by the State?
The Instruction S-1 follows:
"The Court instructs the Jury that if you believe from the evidence beyond a reasonable doubt and to a moral certainty that on May 9, 1977, Garry Ann Minor, the Defendant, being then and there the agent, servant, and employee of First National Bank, a banking corporation, did then and there by virtue of her employment as such agent, servant and employee, have in her possession and under her control $400.00 good and lawful money of the United States of America, the property of First National Bank, a banking corporation, and did then and there fraudulently appropriate that $400.00 to her own use, and did then and there wilfully, unlawfully and feloniously embezzle that $400.00 and convert the same to her own use with the wilful, felonious and fraudulent intent to cheat and defraud First National Bank, a banking corporation, then you must find the Defendant, Garry Ann Minor, guilty of embezzlement."
Appellant contends that the court erred in granting the above instruction because the State's case was based purely on circumstantial evidence and that the instruction did not impose upon the State the burden of proving the defendant guilty beyond every reasonable doubt, to a moral certainty and "to the exclusion of every other hypothesis than that of guilt." The court did not err in giving the Instruction No. S-1 for three reasons. (1) The record reflects that appellant objected to the instruction on the ground that it is vague and confusing to the jury, and did not specifically object for the reason that it failed to include the above phrase. Under Rule 42, Miss.Sup.Ct. Rules, this Court will not consider an assignment relating to an instruction where the specific reason for objection was not set forth. (2) The defendant was granted four instructions and they all only place the burden on the State of proving guilt beyond reasonable doubt. No instruction was requested by the appellant that the jury was required to believe guilt to the exclusion of every other reasonable hypothesis. (3) The evidence shows that Mrs. Minor had the sole responsibility on Christmas Club accounts and that she presented to Mrs. Fran Rhodes, teller, a debit drawn by her in the amount of $400.00 on a non-existent account. Mrs. Rhodes testified positively that appellant brought to her the $400.00 debit slip on May 9, 1977, that Mrs. *499 Rhodes took it, cashed it, and gave the money to appellant after stamping her (Rhodes) number on the debit. This was direct, not circumstantial, evidence.
There being no reversible errors in the trial below, the judgment and sentence of the court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.