403 So.2d 1269 (1981)
Craton POPE
v.
Cindy McGEE, Administratrix of the Estate of David W. Sallee, Deceased.
No. 52787.
Supreme Court of Mississippi.
September 9, 1981.
Rehearing Denied September 30, 1981.
William W. Ferguson, Raymond, for appellant.
Robert T. Gordon, Jr., Keith R. Raulston, Heidelberg, Woodliff & Franks, Jackson, for appellee.
Before SMITH, BOWLING and HAWKINS, JJ.
SMITH, Presiding Justice, for the Court:
This is an appeal from a judgment of the Circuit Court of the Second Judicial District of Hinds County entered in a case brought by Craton Pope against Cindy McGee, Administratrix of the Estate of David W. Sallee, deceased, for damages for the alleged wrongful deaths of his sons, Jackie Ray Pope, Clayton Pope and Donald Ray Pope, wherein the trial court peremptorily directed the jury to find for the defendant. This action of the trial court is assigned as error *1270 on appeal. Appellee assigns as error on cross appeal the admission of certain evidence.
Clayton Pope, Jackie Ray Pope and Donald Ray Pope were killed instantly as a result of an automobile collision which occurred between the automobile in which they were riding and another automobile driven by David W. Sallee, who also was killed. Sallee, and all of the other passengers in both automobiles died without speaking.
There was no surviving eyewitness to the collision, which was investigated by an officer of the Mississippi Highway Safety Patrol. The Sallee automobile came to rest heading north in the northbound lane, at a slight angle toward the right-hand ditch. The Pope automobile came to rest in the right-hand ditch, off of and to the right of the highway, also headed north. Both cars were almost entirely demolished by the impact. There was testimony of a witness that the Sallee automobile had passed him a few miles north of the accident scene, traveling south at a high rate of speed. The debris was along the right side, and immediately to the right of, the northbound lane of the highway.
It is the theory of plaintiff that the Pope automobile was northbound toward Utica, and, based upon the testimony of the witness who said the Sallee automobile had overtaken and passed him going south, toward the collision site (toward Crystal Springs), that a reasonable inference may be drawn that it had continued in a southerly direction. Appellant contends that this evidence is sufficient to support a reasonable inference, which the jury may or may not draw, that the Pope car, traveling north, was in its correct lane of traffic, the lane of traffic in which the position of the cars and location of the debris appear to indicate that the collision occurred; and that the Sallee automobile, on the contrary was traveling south and had negligently entered the northbound lane, thus bringing about the head-on collision with the force of the combined speed of the two vehicles.
At the conclusion of all of the evidence for the plaintiff, defendant moved for a directed verdict and his motion was sustained. Thereupon a judgment was entered for defendant, dismissing plaintiff's suit. Appellant challenges the granting by the trial court of appellee's motion for a directed verdict, citing Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924 (1965), in which it was held:
It is uniformly held that in determining whether a peremptory instruction should be given the court must look solely to the testimony on behalf of the party against whom the peremptory instruction is requested, and must take that testimony as true along with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict should be granted... . [252 Miss. at 844, 173 So.2d at 925].
The question presented to this Court for decision as to the propriety of the trial court's action in directing a verdict is a difficult one. We have carefully examined the record and, although the issue is extremely close, have concluded that the evidence, although largely circumstantial, is such that an inference might reasonably be drawn from it (but is not necessarily compelled by it) that the Sallee automobile negligently entered the northbound lane of the highway, causing the collision, and that the evidence, tested under the rule set out in Dehmer v. Hederman, supra, was sufficient for submission to the jury. See also Denman v. Denman, 242 Miss. 59, 134 So.2d 457 (1961):
Negligence may be established by circumstantial evidence in the absence of testimony by eye-witnesses provided the circumstances are such as to take the case out of the realm of conjecture and place it in the field of legitimate inference, and in such case the causal connection between the agency and the injury need not be shown by direct evidence... . [242 Miss. at 66, 134 So.2d at 459].
*1271 Found in the Sallee car were two six packs of warm beer and some unidentified white powder. There is no evidence whatever that Sallee had been drinking or was under the influence of dope. In fact, there was no evidence that the white powder was any kind of "dope." The patrolman, arriving shortly after the collision, investigating the question, was unable to detect any smell of alcohol on Sallee's breath. A blood test also showed no alcohol in his blood. The character of the white powder was not established and it was not identified except as a "white powder." The implication, not supported by any evidence, is that it was some form of "dope." Testimony regarding the presence of the six packs and the white powder should be excluded. There is no evidence that Sallee was intoxicated or that he had been drinking, the only evidence in the record was to the contrary. The white powder, whatever it may have been, was not identified and there is nothing to show that Sallee was under the influence of dope. Allowing evidence of the presence of these things in the Sallee automobile would be highly prejudicial and would shed no light on the proximate cause of the collision. This evidence is not to be admitted on retrial.
We cannot predict, of course, how the evidence will develop on retrial or what, if any, additional relevant evidence will be introduced by the defendant-appellee.
The trial court was in error in directing a verdict for defendant and the judgment is reversed, the case remanded for a new trial and submission of the evidence to the jury.
REVERSED AND REMANDED ON DIRECT APPEAL. CROSS APPEAL SUSTAINED AS TO EXCLUSION OF CERTAIN EVIDENCE.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.