WALKER, Presiding Justice,
for the Court:
Larry and Richard Holladay, appellants, filed separate suits in the Circuit Court of Pontotoc County, Mississippi against the appellee, Jackie Tutor, seeking both actual and punitive damages resulting from an automobile collision. Both suits were consolidated for trial at the conclusion of which the jury entered its verdict in favor of Ms. Tutor. Aggrieved with the lower court’s ruling, the appellants have perfected an appeal to this Court assigning the following as error:
THE TRIAL COURT ERRED IN DENYING PLAINTIFFS’ MOTION FOR MISTRIAL BECAUSE DEFENSE COUNSEL PERSISTENTLY ATTEMPTED TO PREJUDICE THE JURY BY QUESTIONS, UNSUPPORTED BY THE EVIDENCE, INDICATING THAT PLAINTIFF HAD DRUGS IN HIS TRUCK.
On January 10, 1981 Larry and Richard Holladay, cousins, arrived at the Cowboy Club in Tupelo, Mississippi at approximately 9:30 p.m. Larry was fairly intoxicated as was a friend who was with them, Herman Byars. Richard testified he had not been drinking earlier that day and had a beer while at the Cowboy Club. The club closed at 12:00 p.m. and the three, in Richard’s 1970 Chevrolet pickup, moved on to Chiz’s Lounge. Herman, too drunk to go into the club, slept in the pickup while Larry and Richard went inside. According to Richard he drank only ice water while at *338 the lounge. There is no dispute that Larry was intoxicated to the degree of stumbling.
While at Chiz’s, the boys met some of their friends, including Patti Wells, whom Richard had dated, and Jackie Tutor, who had been Richard’s sister-in-law. At approximately 2:00 a.m. they all left as follows: Due to Patti’s leg being in a cast, Jackie drove her car with Patti seated in the rear and Junior Warren seated in the front passenger seat; Richard drove his pickup truck with Larry on the passenger side and Herman slouched over in the middle and Terry Davidson drove Junior Warren’s pickup truck occupied by Janice Riley, a waitress from the Cowboy Club.
At trial the parties offered conflicting statements as to what occurred after they all left the lounge.
Appellants contend that it was error to overrule their motion for a mistrial after evidence was attempted to be introduced a second time that there were drugs in their truck.
During questioning of Junior Warren, he was asked if he saw a cigar box in Richard’s truck which contained marijuana and quaaludes. An objection was sustained and the jury was directed to disregard the question.
Later during the trial, on cross examination of David Barajas, the park ranger, he was asked “Did he mention the cigar box to you?” At which point counsel moved for a mistrial, which was overruled.
Although there was absolutely no testimony in this record that would suggest that the appellants had a cigar box full of marijuana and quaaludes in their pickup truck, the trial judge properly handled the objection by instructing the jury that the question was improper and for them to disregard it. Absent any other violation with respect to the marijuana and quaa-ludes, there would be no reversible error. However, defense attorneys were not satisfied and later during the trial asked the second question of the park ranger. The jurors knew that the cigar box, which was asked about, was the same cigar box which was the subject of the first question with reference to marijuana and quaaludes. This conduct on the part of counsel cannot be condoned as it was prejudicial and in our opinion reversible error. In Pope v. Cindy McGee, Administrate of the Estate of David W. Sallee, Deceased, 403 So.2d 1269 (Miss.1981), which was a case involving an automobile accident, this Court said:
Found in the Sallee ear were two six packs of warm beer and some unidentified white powder. There is no evidence whatever that Sallee had been drinking or was under the influence of dope. In fact, there was no evidence that the white powder was any kind of "dope.” The patrolman, arriving shortly after the collision, investigating the question, was unable to detect any smell of alcohol on Sallee’s breath. A blood test also showed no alcohol in his blood. The character of the white powder was not established and it was not identified except as a “white powder.” The implication, not supported by any evidence, is that it was some form of “dope.” Testimony regarding the presence of the six packs and the white powder should be excluded. There is no evidence that Sal-lee was intoxicated or that he had been drinking, the only evidence in the record was to the contrary. The white powder, whatever it may have been, was not identified and there is nothing to show that Sallee was under the influence of dope. Allowing evidence of the presence of these things in the Sallee automobile would be highly prejudicial and would shed no light on the proximate cause of the collision. This evidence is not to be admitted on retrial.
403 So.2d at 1271.
In the case sub judice there was no evidence that Richard Holladay, the driver of the pickup truck, was intoxicated or that he was under the influence of drugs. The only purpose that the questions about the cigar box of marijuana and quaaludes served was to prejudice the jury.
Trial judges should ride herd on this type of conduct and impose such sanctions as *339 are necessary to see that rulings of the court are obeyed.
The remaining assignments of error require no discussion as they are without merit.
For the above reasons, the judgment of the trial court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.