MILTON *v.* STATE.*

(In Banc.   March 15, 1926.)

[107 So. 423.   No. 25316.]

RAPE. *Absence of resistance on account of fear caused by assailant does not prevent attack being rape.*

Attack may be rape, notwithstanding absence of resistance, where failure to resist, as testified positively by the female, was on account of fear, in which she was put by her strange assailant and his pistol.

---

*Corpus Juris-Cyc. References: Rape, 33 Cyc, p. 1428, n. 2.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Robert Milton was convicted of rape, and he appeals. Affirmed.

*C. B. Wright* and *E. R. Ligon,* for appellant.

I.   We are unable to see from the evidence that there was any such resistance as contemplated by law on the part of the prosecutrix to make out a case of rape. She merely says in her testimony that she feared the defendant would kill her and assigned as reason for said fear that the defendant had a pistol in his hand, but in no testimony is there any threat of violence shown on the part of the defendant. The testimony does not show that he ever even requested her to keep quiet and make no outcry. It seems to us that in an attack of this nature, as shown by the testimony, any woman discovering herself in this peril would involuntarily scream or make an outcry of some kind, especially in view of the fact that she was within hearing of her two brothers and possibly within their sight at the very instant of the attack. *People* v. *Morrison,* 1 Park Crim. (N. Y.) 625. It seems preposterous to us that any intelligent mind could conceive of a negro man trying to ravish a white woman in a public path or road, where at any moment he might be walked upon and caught in said act.

It occurs to us as a matter of human nature that when a forcible rape occurs, the man, either black or white, wants and does carry his victim, wherever possible, into some secluded place where he has no fear of being discovered in said act. At the very time the defendant was alleged to have been actually committing the crime, the two brothers of prosecutrix passed by and she saw them but kept as still as a mouse, and made no outcry whatever, and at this particular time the defendant's pistol was lying some feet from him. We think that this testimony shows no resistance whatever but shows consent.

II. The identification of the defendant by the prosecutrix when he was carried before her, some ten or twelve hours after the act was said to have been committed, was not by any means positive or satisfactory, as shown by the testimony of the sheriff. Yet in court some six, or eight months after the crime is alleged to have been committed, she identifies him positively. The defendant was not arrested for some two or three hours after the crime was said to have been committed, and had ample time to make a change of clothing or to make an escape.

In support of our contention as to the law of forcible rape we cite *State* v. *Burgdorf,* 53 Mo. 65; *Anderson* v. *State,* 35 So. 202; *Devoy* v. *State,* 99 N. W. 455; *State* v. *Cowing,* 9 Ann. Cas. 566 and note; *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *Davis* v. *State,* 63 Ark. 472, 39 S. W. 536.

The defendant is a public charge; a poor, ignorant negro without money or influence and it is the duty of the court to scrutinize the record just as closely as if he were a man with money and influence, and we, as appointed counsel, feel that when this is done, the court will have no hesitancy in reversing this case.

*Harry M. Bryan,* assistant attorney-general, for the state.

Counsel for appellant predicate their argument for reversal simply upon the insufficiency of proof and seek to show that the prosecutrix offered no resistance and, therefore, consented to the act. While the record shows an attempt to establish an *alibi,* the defense not only failed, as will be shown by the many inconsistencies developed by their witnesses, but with the competent testimony of the prosecutrix and others who corroborated her upon the point of seeing appellant near the place of the crime about the time of its commission, it was clearly established that appellant was the guilty party. It will be especially noticed while we are considering the

matter of an *alibi,* that appellant himself testified on cross-examination that on the morning of the commission of the offense he wore the same description of clothing that the prosecutrix, Miss Bickerstaff, McRae, Dr. Waldrop and Mr. Bullen all described. It is really unnecessary to discuss this phase of the case because the jury accepted as true the identification of appellant by prosecutrix and the others.

The nature and extent of resistance in rape cases depend upon the facts in each case. *Rahke* v. *State,* 81 N. E. 584, quoting from the opinion of *Anderson* v. *State,* 104 Ind. 467, 464, 4 N. E. 63, 5 N. E. 711. The authorities are well agreed that fear of serious bodily harm or injury makes void any consent obtained thereby. We have but to remember in this case appellant not only seized prosecutrix with his left arm while they were still in the small pathway, but covered her with a pistol; and according to her own testimony which was believed by the jury, she did what she was commanded to do because she was afraid that he would kill her. She testified that she remonstrated with him that she wanted to go to school, and he said, "No, right here," and he thereupon *took her* out of the pathway and accomplished his purpose. See *Anderson* v. *State,* 82 Miss. 784, 35 So. 202; *Brown* v. *State,* 103 So. 150; *Vanderford* v. *State,* 126 Ga. 753, 55 S. E. 1025; *State* v. *Grove,* 61 S. W. 697, 57 S. E. 296; *Felton* v. *State,* 139 Ind. 531, 39 N. E. 228; *Rice* v. *State,* 35 Fla. 236, 17 So. 286, 48 Am. St. Rep. 245; *Baily* v. *Commonwealth,* 82 Va. 107, 3 Am. St. Rep. 87; 2 Bishop's Criminal Law (8th Ed.), sec. 1125, and 33 Cyc. 1428; *Clymer* v. *Commonwealth,* 23 Ky. L. Rep. 1041, 64 S. W. 409; *Smith* v. *Commonwealth,* 119 Ky. 280, 83 S. W. 647; *State* v. *Cunningham,* 100 Mo. 382, 12 S. W. 376, and *State* v. *Ward,* 73 Iowa, 532, 35 N. W. 617.

HOLDEN, P. J., delivered the opinion of the court.

Robert Milton appeals from a conviction on a charge of rape and a sentence of death.

We have carefully considered the testimony in the case, which we shall not set out in detail, and have reached the conclusion that the testimony is sufficient to sustain the conviction, and that, while the testimony appears to be somewhat weak in certain respects, yet it was sufficient to warrant the verdict of guilty, if believed by the jury.

The two points urged for reversal are: First, that the proof was insufficient to show that the appellant was the person who committed the rape; and, second, that there was no resistance on the part of the female necessary under the law to constitute rape.

The identification of the accused was shown by the testimony of the prosecutrix and another witness for the state, which testimony was corroborated by another witness and certain circumstantial evidence; and we think the jury was within its province in deciding that the appellant was the man who committed the rape.

As to the lack of resistance on the part of the prosecutrix, we find from the evidence in the case that she made very little, if any, effort to resist the purpose of the accused, but she testified that her failure to do so was due to the fact that she was put in fear by the accused, who accosted her in a lonely pathway in the woods with a revolver in his hand, which she feared the appellant might use if she did not comply with his demands, and that, on account of such fear, she yielded without physical resistance.

Of course the law is well settled that, if the female fails to resist the attack, and in that way passively consents, then it is not a genuine case of rape; but, if the female is put in fear by the assailant, and on account of such condition she fails to resist the attack, it may be rape under the law.

The jury in this case had the testimony of the prosecutrix, who testified positively that she was put in fear by the appellant and his pistol, he being a strange negro and she a white girl sixteen years of age, and that, on account

of this fear, she made no substantial resistance to the appellant. Therefore the jury was justified from the proof in deciding that the appellant was guilty of rape under the facts and circumstances of the case. This court will not reverse the finding of fact by a jury, where it is supported by reasonable, positive, and credible evidence, even though it may appear from the record that a different jury might have rendered a different verdict.

The judgment of the lower court is affirmed, and Friday, April 30, 1926, is set for the day of execution.

*Affirmed.*