SUMMERALL et al. *v.* STATE

In Banc. June 13, 1949.

(41 So. (2d) 51)

Pittman & Pittman, for appellants.

**George H. Ethridge,** Assistant Attorney General for appellee.

**Montgomery, J.**

The appellants were convicted in the Circuit Court of Franklin County on a charge of grand larceny, and Charles Summerall was sentenced to a term of five years;

Rose Mary Hunnicutt received a three-year sentence; and from the judgment of the lower court both appeal.

It appears from the record that Paul A. Greiger, a dairyman of Franklin County, missed a cream colored muley Jersey cow, and a white-faced red heifer with horns, and reported this loss to the Sheriff of Franklin County. He and a neighbor had noticed a place near his pasture where automobile tracks, human tracks, and cow tracks, indicated that cattle had been loaded. There was no woman's tracks to be found at this location. The sheriff of Franklin County reported the loss to the sheriffs of surrounding counties, and particularly to the Sheriff of Amite County. The Sheriff of Amite County proceeded to the sales barn near Liberty and there he saw cattle answering the description of those lost. He found that these cattle had been sold by Charles Summerall, and that Rose Mary Hunnicutt was present in the car at the time the cattle were delivered to the sales barn.

Charles Summerall and Rose Mary Hunnicutt were positively identified by those in charge at the sales barn as being the persons who had delivered these particular cattle, although Rose Mary Hunnicutt appears only to have been present in the car and waiting on the outside, and not participating in any way in the transaction except by being present.

Paul A. Greiger was notified, and he and the Sheriff of Franklin County came down to the sales barn where the cattle were positively identified. Charles Summerall and Rose Mary Hunnicutt were placed under arrest shortly thereafter, and were delivered to the Sheriff of Franklin County, who carried them to the Franklin County Jail where he incarcerated them. The car belonging to Charles Summerall was taken in possession by the sheriff and parked on the courthouse lawn. While Summerall and Hunnicutt were in jail, the sheriff inspected the car and therein he found a pair of men's shoes and certain articles of clothing. He carried the shoes to the scene

where the cattle had been loaded, and there fitted them into the tracks at that location. It appears from the evidence that the shoes were of the same size as the tracks, and fitted the tracks. Summerall and Hunnicutt told the sheriff of Franklin County that they did not know anything about the cows, they had never seen the cow and calf, and did not carry them to the sales barn at Liberty. Rose Mary Hunnicutt first said she was Charles Summerall's wife, and then later told the sheriff she was not his wife but was Rose Mary Hunnicutt.

The first assignment of error is that the court erred in overruling the motion of Rose Mary Hunnicutt made at the conclusion of the introduction of the State's case to exclude the testimony and peremptorily instruct the jury to find her not guilty.

We think this assignment of error is well taken. Rose Mary Hunnicutt is presumed to be innocent until she has been proven guilty beyond every reasonable doubt. There is no proof that any track made by a woman's shoe appeared at the location where the cattle were loaded. The testimony does not show that she participated in, or in any way assisted in, the theft or the transportation of the cattle to the sales barn at Liberty. The only evidence established against her, as shown by this record, is that she was present, seated in the car, at the sales barn when the cattle were delivered there. The proof does not show where Rose Mary Hunnicutt lived, or where she got into the car. It is quite possible that she could have been picked up along the road, or in the Town of Liberty, and been thoroughly innocent of any knowledge of the larceny of the cattle. It is true that Section 1995 of the Code of 1942 provides that every person who shall be an accessory to any felony before the fact shall be deemed and considered a principal, and shall be indicted and punished as such, and this whether the principal has been previously convicted or not. However, it is necessary for the proof to establish beyond a reasonable doubt that the person so charged as an accessory has in

fact been guilty as such. The proof here is wholly insufficient to establish the guilt of Rose Mary Hunnicutt, and the judgment of the lower court as to her is reversed and she is discharged from custody.

The second assignment of error is that the court erred in overruling the motion of Charles A. Summerall to exclude the testimony and peremptorily instruct the jury to find him not guilty.

There is no merit in this motion. The proof here is entirely sufficient to convince the jury beyond every reasonable doubt of his guilt, and the court was eminently correct in overruling said motion.

It is urged as error that the court erred in admitting testimony as to the shoes found in the appellant's automobile, and the comparison of the shoes with footprints found on the prosecuting witness' property without showing the appellant made the footprints or wore the shoes. The theft of the cattle is clearly established beyond any reasonable doubt, and there was certainly reasonable ground to believe that Charles Summerall stole the cattle. The search and arrest without a search warrant under Section 2470 of the Code of 1942 on the evidence which Sheriff Williams had amounted to probable cause for believing that a felony had actually been committed and that Charles Summerall was the party who had committed it. The evidence with reference to the footprints and the fitting of the shoes of the appellant into the tracks so found was admissible. Appellant relies on the decision in the case of Herring v. State, 122 Miss. 647, 84 So. 699, but the facts in that case are wholly different from the facts in the case at bar. The proof in the case at bar is amply sufficient to justify the jury in believing Charles Summerall guilty beyond every reasonable doubt. In addition, the witness did not undertake to state that the tracks were made by the defendant, but the witnesses only stated the facts observed by them without offering their conclusions. The Herron case is authority for the competency of such evidence as to facts and to facts

alone. It is for the jury and the jury alone to draw conclusions from the facts. The error complained of in the Herring case was the witnesses had stated their conclusions and that these conclusions were prejudicial. But such is not the evidence in the case at bar, and there is nothing in the holding in the Herring case to render the testimony here incompetent. In fact, the Herring case, as we construe it, renders the testimony here competent.

There are other assignments of error, but they are not sufficient to merit a discussion. After a carefull search of the record in this case, we are satisfied that there is no error in the proceedings in the lower court justifying a reversal as to Charles Summerall. It is provided in Rule 11 of this Court that no judgment shall be reversed on the ground of misdirection to the jury, or improper admission or exclusion of evidence, or for error as to matter of pleading or procedure, unless it shall affirmatively appear from the whole record that such judgment has resulted in a miscarriage of justice. We do not feel that the judgment here has been a miscarriage of Justice, and the judgment of the lower court as to Charles Summerall is affirmed.

Affirmed in part, and reversed and rendered in part.