DIAMOND *v.*
KILLEGREW, d.b.a. KILLEGREW BUILDING MATERIALS

No. 43051          May 11, 1964          163 So. 2d 738

*Jason H. Floyd,* Gulfport, for appellant.

*Graham & Graham,* Gulfport; *Forrest B. Jackson,* Jackson, for appellee.

LEE, C. J.

In this case, it was undisputed that James P. Killegrew, d. b. a. Killegrew Building Materials, sold his materials in the amount of $783.29. The sole issue, under the pleadings and the evidence, was whether the materials were ordered by, and sold to, Mrs. R. H., or E. N. Diamond in her individual capacity, or whether, in their purchase, she was acting for and on behalf of Diamond Homes, Inc., which turned out to be an insolvent corporation.

Simply stated, without elaboration, Killegrew testified that the materials were ordered by Mrs. Diamond and sold to her, and that he put on the orders the name which she directed; that she had credit with him; that he would not have sold her husband anything; that he did not sell the merchandise to Diamond Homes, Inc.; and that he did not know what a corporation was. The five invoices bore the name "Gem Diamond Homes."

Mrs. E. N. Diamond signed her name on three of them. The other two had the name of Horace Henry, who, according to the evidence, drove the truck for the Corporation. Two of these invoices had ''Glidwell'' to the right of ''Job Name.''

On the other side, both R. H. Diamond and his wife, Mrs. E. N. Diamond, testified that they were the President and the Secretary-Treasurer, respectively, of the Corporation; that Mrs. Diamond was working for the Corporation on a small salary; that she ordered the materials which were covered by the invoices; that she instructed Killegrew to charge the materials to Diamond Homes, Inc., and they denied that this was their debt, but stated that it was an obligation of the Corporation.

The jury in the county court found a verdict for the plaintiff in the full amount of the demand.

On appeal to the circuit court, the appellant, in her assignment of errors, set up certain alleged incorrect instructions, given the plaintiff, and also several errors in the admission or exclusion of evidence. Her brief thereon argued accordingly.

The learned circuit judge, after a study and consideration of the record, delivered a written opinion in which he agreed that there were two errors and a possible third one; but it was his opinion that ''justice was done in the case, and the court does not find the above errors to be so prejudicial as to require a reversal of the case.'' Consequently the judgment of the county court was affirmed. On appeal here, the appellant has assigned and argued all of the same alleged errors, as stated above.

■■ ■ Conceding that the action of the trial court constituted error in the admission or exclusion of evidence in the several instances, complained about, the court, after a thorough reading, intensive study, and discussion of the record, is of the opinion that these alleged errors, in the circumstances of the whole record,

were not of sufficient gravity as to be denominated harmful or prejudicial. This is an instance where the Court feels warranted in applying Rule 11 of the Revised Rules of this Court, 1953, as follows:

"No Reversal for Harmless Error. No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

It follows that the judgment of the court below must be, and it is, affirmed.

Affirmed.

*Ethridge, Gillespie, McElroy and Brady, JJ.,* concur.