RODGERS, Justice:
This is an appeal from a judgment of the Circuit Court of Pearl River County, Mis *458 sissippi, awarding appellee, Thomas L. Frierson, $2,250.00 compensation for land taken in condemnation proceedings by appellant, Mississippi State Highway Commission.
The Mississippi State Highway Commission commenced condemnation proceedings on January 28, 1969, for the purpose of relocating a portion of Mississippi Highway No. 43 on .14 acres of a total 3.6 acres of the appellees’ land. The land taken was a portion of the front yard of appel-lees’ home, reducing the yard from 135 feet to 100 feet in depth. Appellees also contend that the dam of a pond on the property taken will be damaged and that appellees will suffer monetarily because of this damage. Appellant, however, contends that no damage will be caused the dam. Appellees further argue that certain shrubbery must be relocated because of the new right-of-way, but this, too, is disputed by appellant.
Appellees were awarded $1,750.00 in damages by Special Court of Eminent Domain for the condemning and taking of the .14 acres of appellees’ front yard. Mississippi State Highway Commission appealed to the circuit court and a jury there returned a verdict for appellees of $2,250.00.
Appellant’s witnesses at the trial consisted of three persons, two of whom were real estate appraisers who testified as to the value of the Friersons’ property before and after taking. A third witness was a project engineer for the State Highway Department.
Appellees’ witnesses consisted of Grady Thigpen, Jr., a real estate appraiser, and appellee, Mrs. Frierson. Mr. Thigpen gave his opinion as to the value of the property on the date of the hearing, February 12, 1969 (which he referred to as the date of taking), and of the value of the property after taking of the Highway Department. Mrs. Frierson also gave her opinion as to the values before and after taking.
Testimony by witnesses for both parties regarding value and damages can best be illustrated by the following chart:
FOR APPELLANT BEFORE TAKING AFTER TAKING DAMAGE
J. W. Morgan - $24,450.00 - $24,000.00 - $ 450.00
Glen C. Ford - 23,300.00 - 22,700.00 - 600.00
FOR APPELLEES
Grady Thigpen, Jr. - 24,150.00 - 21,500.00 - 2,650.00
Mrs. Judy Frierson - 25,000.00 - 21,000.00 - 4,000.00
The errors assigned by appellant with which we are concerned are: (1) The court erred in accepting the testimony of ap-pellees’ witness, Grady Thigpen, Jr., because his appraisal testimony was not based on the value on the date of the filing of the eminent domain proceeding. (2) The jury verdict is excessive, unreasonable and contrary to the weight of credible evidence, and shows bias and prejudice which shock the enlightened conscience. (3) Appellant assigned as a third error the proposition that the trial court erred in accepting testimony of appellees’ witness, Grady Thigpen, Jr., because his testimony was not the same as that given in eminent domain court. We believe it unnecessary to discuss this proposition in that any attack related thereto would go only to the credibility of such testimony.
The appellant urges error upon the ground that the trial court erred in accepting testimony as to the value of land condemned in eminent domain proceedings as of the date of the hearing. The date of the hearing was February 12, 1969, which was fifteen (15) days subsequent to the date of the filing of the eminent domain proceeding on January 28, 1969. Defendant-appellant relies upon Paulk v. Housing Authority of the City of Tupelo, 204 So.2d 153 (Miss.1967); Pearl River Valley Water Supply District v. Wright, 203 So.2d 296 (Miss.1967); Pearl River Valley Water Supply District v. Brown, 254 Miss. 685, 182 So.2d 384 (1966), which hold that the date of the filing of the eminent domain proceeding is the date to be used for evaluation purposes in condemnation cases.
*459 We hold that it was error to accept the testimony relating to the land value fifteen (15) days after the date of the filing of the eminent domain proceeding, but that the error was harmless as provided in Mississippi Supreme Court Rules, Rule 11 (1967). The intent of the rule establishing the date of the filing of the eminent domain proceeding as the proper date to be used in determining land values in eminent domain cases was to create a specific date for evaluation purposes and therefore to add specificity to the “before and after” rule used to determine such values. The purpose of the rule was substantially met in that it was not contended that there was any evidence of, nor that there was in fact, change in market value between the date of filing of eminent domain proceeding and the date of hearing. Wise v. City of Abilene, 141 S.W.2d 400 (Tex.1940).
When there is nothing in the record to indicate a change in the value of the property from the date of the filing of the petition in the condemnation proceeding and the value of the property a short time thereafter, this Court cannot assume that there was prejudicial error committed by the trial court in permitting such evidence as to the value to be given to the jury.
The exclusionary rules of evidence are based upon the thesis of fair trial, and unless the trial court has violated a rule of evidence to the hurt and prejudice of one of the litigants, this Court will not reverse the judgment of the trial court for the inadvertent introduction of incompetent testimony. Lynch v. Suthoff, 220 So.2d 593 (Miss.1969); Marsh v. Johnson, 209 So.2d 906 (Miss.1968); Diamond v. Killegrew, 249 Miss. 718, 163 So.2d 738 (1964); Planters Bank v. Garrott, 239 Miss. 248, 122 So.2d 256, 123 So.2d 240 (1960); Summerall v. State, 206 Miss. 878, 41 So.2d 51 (1949).
The second proposition with which we are concerned is the appellant’s argument that the jury verdict was excessive, unreasonable and contrary to the weight of credible evidence, and showed bias and prejudice which shock the enlightened conscience. We find no merit in this contention. The jury in the trial court resolved the conflict over damages in favor of the appellees, and we must therefore look at the facts in the light most favorable to them. Lewis Grocery Co. v. Blackwell, 209 So.2d 639 (Miss.1968); Buford v. O’Neal, 240 Miss. 883, 128 So.2d 553 (1961). The-facts most favorable to the appellees tend to show a considerable lessening of appellees’ front yard, damage to shrubbery and damage to an earthen dam. Based upon these findings of fact by the trial court, we cannot say that a verdict of $2,250.00 is unreasonable or excessive. Unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this Court cannot set aside the verdict of the jury. Travelers Indemnity Co. v. Rawson, 222 So.2d 131 (Miss.1969).
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.