293 So.2d 430 (1974)
Theodoria FIELDS
v.
STATE of Mississippi.
No. 47801.
Supreme Court of Mississippi.
March 25, 1974.
Rehearing Denied May 13, 1974.
*431 Firnist J. Alexander, Jr., Jackson, Constance Iona Slaughter, Forest, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., and Karen Gilfoy, Sp. Asst. Attys. Gen., Jackson, for appellee.
BROOM, Justice:
Life imprisonment was the sentence given appellant upon his conviction for the crime of forcible rape. Trial was in the Circuit Court of Lowndes County, Mississippi. We affirm.
The prosecutrix, an MSCW student, and two other young MSCW students (all were females), on October 23, 1972 at about 7:30 p.m., had just finished their clean-up chores at a camp house of Mr. Ben Owen in a wooded area of Lowndes County. They intended later to use the house for a social outing of the Lancers, a social club of which they were members. The prosecutrix and one of the young ladies were in the car waiting for the third. Just as they were about to leave the camp, appellant and another young man, one of whom fired a gun near the car, appeared on the scene. The young men pointed their guns at the two ladies in the car, ordered them out of the car and inside the camp where the females begged to be left alone. Guns were again pointed at the three females inside the camp where another young male joined the group.

I.
The first proposition argued is that error resulted from the refusal of the trial court to grant appellant a directed verdict and a peremptory instruction. It is said that the state did not prove penetration by competent evidence; that it was proven only by leading questions, if at all. We find no merit in this contention. The state's case as to the issue of penetration was bolstered when defendant's counsel asked the prosecutrix on cross-examination if it was her testimony that she had "had intercourse." Obviously the question referred to the episode between appellant and the prosecutrix whose answer was "yes." She had already testified on direct examination that "he raped me." It is true that the precise and direct testimony of the victim in establishing penetration was in response to questions that were somewhat suggestive or leading. On this basis complaint is made by appellant that reversible error was committed by the court.
The answer complained of as to penetration was given after the court had first sustained objections to leading questions about this ingredient of rape. It is not always reversible error to ask a direct or leading question about penetration. The leading questions propounded in this case (to which objections were sustained) would not be reversible error if answers had been permitted in view of the circumstances. Lang v. State, 230 Miss. 147, 87 So.2d 265 (1956). Lang also held that penetration need not be proven by any particular form of words, and may be established by circumstantial evidence. As noted, the state's proof of penetration was greatly enhanced by defense counsel on cross-examination of the prosecutrix. Additionally, *432 there was abundant circumstantial evidence here which together with the cross-examination was sufficient to take the case to the jury on the issue of penetration.
Appellant then argued that the proof was insufficient to show lack of consent on the part of the prosecutrix. He says that the proof does not adequately establish a threat by appellant against the prosecutrix or that she physically resisted the appellant. The rule is that physical force on the part of the assailant, or physical resistance on the part of the victim, is not necessary if the proof shows beyond a reasonable doubt that the female surrendered because of fear arising out of a reasonable apprehension of great bodily harm. Johnson v. State, 223 Miss. 56, 76 So.2d 841 (1955). If the female fails to resist the attack of her assailant because she is put in such apprehension and fear, the act of the assailant may be rape under the law. McGee v. State, 40 So.2d 160 (Miss. 1949), certiorari denied, 338 U.S. 805, 70 S.Ct. 77, 94 L.Ed. 487, rehearing den., 339 U.S. 958, 70 S.Ct. 977, 94 L.Ed. 1369 (1950); Milton v. State, 142 Miss. 364, 107 So. 423 (1926).
In the case before us the jury heard competent evidence that the prosecutrix was in fear of great bodily harm and that such fear motivated her not to physically resist the attack of her assailant, the appellant. The record is replete with testimony on her part that "I was scared to death." She said that appellant had a gun and was "going to kill me." In describing the rape which occurred inside a room of the cabin, her testimony was that "I heard somebody outside popping a gun." She was asked why she did not struggle and her answer was "He had a gun, I wasn't going to fight with him." She "begged him not to shoot [her]," and to "leave me alone." The prosecutrix further testified that one of the three boys had stated that "they had come out that night to murder someone and we would do just as well as anybody else would."
Testimony concerning threats and weapons as given by the prosecutrix was adequately corroborated by her two female companions. While the record does show that the prosecutrix did not see any gun at the precise time of the rape, she had (according to the evidence) ample reason to believe that the gun was readily available to her assailant at all times. Believable evidence was to the effect that she reasonably concluded that she would be killed or seriously harmed by the appellant if she physically resisted his demands upon her.
Appellant's assertion that the lower court committed error in overruling his motion for a directed verdict is unavailing even if it were properly before us. It is not properly before us because he waived his motion for a directed verdict by presenting evidence in his own behalf. Hankins v. State, Miss., 288 So.2d 866, decided on January 21, 1974; Smith v. State, 245 So.2d 583 (Miss. 1971). As to his request for a peremptory instruction, the rule is that when all the evidence on behalf of the state is taken as true, together with all sound or reasonable inferences that may be drawn therefrom, if there is enough evidence to support a verdict of conviction, the peremptory instruction should be denied. Cochran v. State, 278 So.2d 451 (Miss. 1973). Such was the evidence in the case at bar.

II.
Next, the defense contends that the court committed reversible error by refusing to admit into evidence a key to the Ben Owen camp house. One aspect of the theory of appellant's case was to infer that one of the prosecutrix's companions had arranged for the girls to rendezvous with the appellant and his two friends at the camp, and had furnished the key to the appellant. Appellant, acting within his constitutional rights, did not take the witness stand. The only testimony developed at *433 the trial indicating that the appellant had any advance contact with the key, or prosecutrix's companion who was said to have furnished appellant the key, was hearsay testimony given by the appellant's sister and mother. His mother was permitted to state that she discussed the matter of the key with her son who told her the key was to the Owen camp house. Also, she said he told her he obtained the key from one of the young females on a Saturday before the episode in question.
The record is devoid of any direct testimony from any witness that such witness had any personal knowledge of the circumstances surrounding the appellant's possession of the key. Only hearsay and no direct testimony connected appellant with the key by showing how he came to possess it. Regardless of whether the key itself should have been admitted into evidence, and we do not so hold, from this record it cannot be said that the appellant was prejudiced by the action of the trial court in refusing to admit the key itself into evidence. Testimony of Mr. Ben Owen indicated that the key was a key to his camp house. Additionally, the appellant himself succeeded in presenting to the jury the hearsay testimony of his mother that the key to the house was furnished the appellant by one of the females prior to the night in question. Here the defense would have gained nothing by introducing the key itself into evidence. Anything that could have been shown to the jury by the key was included in the testimony of the witnesses for the appellant. Exclusion of the key was not reversible error because it does not appear that the appellant was thereby prejudiced. Diamond v. Killegrew, 249 Miss. 718, 163 So.2d 738 (1964).

III.
Next, appellant urges that reversible error occurred when the court refused to grant him his requested instruction number fifteen.[1]
There was no error in the refusal of the court to grant instruction number fifteen because as worded it is both confusing and misleading. The language "it must appear" that she "did not resist" causes the instruction to lack such clarity and meaning as to be a sufficient guide to or helpful to the jury. From reading the instruction, one cannot tell whether the language "it must appear" requires a conclusion that the victim did not resist as indicated in the first part of the instruction. Also, one cannot tell whether the first sentence of the instruction is intended to serve as a hypothesis for the suggested conclusion as to consent presented in the second sentence of the instruction. Because of such confusing and misleading language the instruction was properly refused.
Appellant's argument that he should have been granted his requested instruction number twenty is without merit. Number twenty was properly refused because it failed to indicate that force is not a necessary ingredient of rape if it be shown that failure of the victim to resist resulted from reasonable apprehension that she would be greatly injured or killed if she resisted.
The issues of lack of consent, resistance or threats (and all other pertinent issues) were adequately presented to the jury by the totality of all instructions granted. Since the jury was adequately instructed, refusal to grant any particular instruction was not reversible error. Rush v. State, 278 So.2d 456 (Miss. 1973).

*434 IV.
Lastly, it is said that justice requires that another jury be allowed to pass on the evidence in this case. The thrust of appellant's argument here seems to be a complaint that the corroboration was furnished by the young women, each to the other, and that this ought not to be permitted. We point out here that cases cited by the appellant recognize that a conviction of rape may in some cases rest upon the uncorroborated testimony of the victim.
This case was vigorously and ably tried by respective counsel for the defense and the state. Almost every conceivable attack that could have been made against the case of the state was asserted by defense counsel. Patience and consideration are obvious on the part of the trial judge who granted appellant a continuance, a mental or psychiatric examination, production of tangible items of evidence, and other requests. All this attests to the fairness of the trial accorded the appellant who on this appeal raises no issue pertaining to the numerous motions and hearings thereof reflected by the first two hundred plus pages of the record before us.
The record shows that the competent evidence submitted to the jury was sufficient, if believed, to establish that the prosecutrix was raped. Whether the evidence offered by the state was true presented a classic jury question. Even though the appellant did not by his motion for a new trial attack the verdict of the jury as being against the overwhelming weight of the evidence, we point out that even if such attack had been made, we could not say upon this record that the verdict of the jury was manifestly wrong or against the overwhelming weight of the testimony. We will not reverse criminal convictions upon a straight issue of fact or simply because the facts may be in dispute. To do so would be to invade the province and prerogative of the jury. Evans v. State, 159 Miss. 561, 132 So. 563 (1931). No reversible error is revealed by this record.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.
NOTES
[1] The Court instructs the jury that if it finds from the evidence presented that the prosecutrix was conscious, had the possession of her natural, mental and physical powers, was not overcome by numbers or terrified by threats, or in such place and position that resistance would have been useless, it must appear that she did not resist to the extent of her ability at the time and under the circumstances. Therefore, you must find that the prosecutrix gave her consent to the defendant, and it is your sworn duty to find the defendant "not guilty."