321 So.2d 298 (1975)
Phillip Henry NEWTON et al.
v.
STATE of Mississippi.
No. 48710.
Supreme Court of Mississippi.
November 3, 1975.
*299 Ron J. Senko, Woodville, H.E. Horne, Jr., Centreville, for appellants.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
INZER, Justice.
Appellants, Phillip Henry Newton, Willie James Noble and Johnny Lee Russ, were indicted, tried and convicted in the Circuit Court of Wilkinson County, Mississippi, for the crime of burglary. Newton and Noble were sentenced to serve a term of four years in the State Penitentiary. Russ was sentenced to serve a term of five years. From these convictions and sentences they appeal. We affirm.
John Dorsey, a part-time police officer for the City of Woodville, Mississippi, testified that while making his "last check" around 5:15 a.m. on Sunday, June 9, 1974, he noticed a green 1967 Chevrolet with Adams County license plates parked behind Treppendahl's Hardware Store. He subsequently noticed that a wooden board that covered one of the windows had been removed. Thereafter, he saw defendant, Newton, run from under the hedges by the store; Newton refused to stop when he fired a warning shot.
When the chief of police, James Foreman, investigated the burglary, he discovered a broken window on the north side of the building, and an open window in the storage room on the west side of the building. From the window in the storage room Chief Foreman lifted five latent fingerprints. Foreman was also informed by the store owner that three guns, several boxes of ammunition, an AM-FM stereo with speakers, and a small amount of change were missing from the store. The green 1967 Chevrolet initially noticed by Officer Dorsey was also found approximately two blocks from the scene of the burglary with several boxes of bullets in it. Foreman later discovered that the license plates on the car had been switched.
Around 9:30 a.m. that Sunday morning, Phillip Newton and Willie Noble appeared at the jail after being informed that the police were looking for them. At that time, they were arrested and charged with burglary. Johnny Russ was arrested and charged with burglary later that afternoon. All three defendants were advised of their constitutional right to have an attorney present during questioning. However, all three were interrogated and fingerprinted without the benefit of counsel.
The defendants' fingerprints and the latent fingerprints found at the scene of the crime were then sent to the Jackson Identification Bureau for comparison. Mr. Sam Ivy, Director of the Identification Bureau of the Mississippi Highway Patrol, testified that three of the five prints were so distorted that identification was not possible. However, he positively identified one print as that of the right middle finger of the defendant Russ, and the other print as that of the left index finger of defendant Noble.
At trial, defendant Newton testified that around 10:30 p.m. the night before the burglary, he and the other two defendants went to Natchez where they spent the entire night. He stated that the other two defendants had picked him up in the green Chevrolet that was in the possession of the police the next day, but that they had abandoned the car in Woodville before *300 going to Natchez because the engine was running hot.
Defendants' first assignment of error is that the trial judge erred in overruling their motion to quash the indictment and their motion to suppress evidence. The basis of the defendants' motion was that they were not represented by counsel when fingerprinted, an alleged critical stage of the proceeding.
Law enforcement officials, however, have clear authority to take fingerprints of all persons arrested and charged with a crime pursuant to the laws of this State. See Section 99-15-13, Mississippi Code Annotated 1972.
In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Court held that the right of an accused to have an attorney present during a critical stage of the prosecution did not extend to a step in the prosecution such as the gathering of evidence by the taking of fingerprints, blood samples, clothing or hair. Furthermore, we stated in Baylor v. State, 246 So.2d 516 (Miss. 1971):
The Fifth Amendment privilege against self-incrimination protects an accused from being compelled to testify against himself, that is, to provide evidence of a testimonial or communicative nature, but does not extend to the securing of real or physical evidence. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schmerber v. California, supra, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
* * * * * *
The Sixth Amendment right to counsel is not violated by a failure to provide counsel at noncritical stages of an investigation such as are involved in scientific analysis of an accused's fingerprints, blood sample, clothing, hair, etc. This view is supported by United States v. Wade, supra.
(246 So.2d at 519).
Clearly, fingerprints are not testimonial evidence and therefore the taking of fingerprints is not a critical stage in the investigation that requires the presence of counsel.
The appellants next contend that the evidence was not sufficient to sustain conviction, and that the trial judge improperly denied their motion for a peremptory instruction. However, we stated in Fields v. State, 293 So.2d 430 (Miss. 1974):
As to his request for a peremptory instruction, the rule is that when all the evidence on behalf of the state is taken as true, together with all sound and reasonable inferences that may be drawn therefrom, if there is enough evidence to support a verdict of conviction, the peremptory instruction should be denied. Cochran v. State, 278 So.2d 451 (Miss. 1973).
(293 So.2d at 432).
Appellants complain that the only evidence introduced by the state to support a conviction was the fingerprints, and that these fingerprints were found on a window easily accessible to the public. However, the window on which the fingerprints were found was located approximately ten feet from the floor in a back storage room. Furthermore, Officer Dorsey testified he saw defendant Newton flee from the scene. Wesley Newton, Newton's father, testified that on Saturday night before the burglary Newton left the house accompanied by the two other defendants. Newton himself admitted that he and the two other defendants had been in the green Chevrolet in which some of the stolen property was later found. In the face of this evidence, the request for a peremptory instruction was properly denied.
*301 The record in this case reveals that the crime for which the appellants were convicted was committed, and the evidence fully supports the verdict of the jury that the appellants committed the crime. Accordingly, for the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.