341 So.2d 660 (1977)
Everette JOHNSON
v.
STATE of Mississippi.
No. 49432.
Supreme Court of Mississippi.
January 26, 1977.
*661 Hermel Johnson, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and SMITH and LEE, JJ.
PATTERSON, Presiding Justice:
Everette Johnson was convicted of murder by the Circuit Court of the First Judicial District of Hinds County and sentenced to life imprisonment. He appeals and assigns as error improper reference by the state to other crimes, erroneous instructions, improper closing argument by the district attorney and the verdict is against the overwhelming weight of the evidence.
On the night of December 2, 1973, at approximately 11:10 officers of the Jackson Police Department responded to a call from the Plaza Motel in the city. Upon arriving they found the body of Sylvester Denham in the office of the motel. Their investigation revealed that he had been shot and killed.
The state's evidence reveals that a motel maid observed an unknown man go into the motel office, later heard a shot and saw a man leave the office with a gun in his hand, enter an automobile and depart. She described the person she had observed as a black man, wearing dark clothes with an "Afro" hair style.
The bullet removed from the victim's body was examined and found to be a .38 caliber special.
James Ratcliff testified for the state. He acknowledged that he was an inmate of the city jail and that he had also been indicted for killing Sylvester Denham, the owner of the Plaza Motel. A resume of his testimony taken from the abstract of the record follows.
I have not been offered any promises or offered leniency to testify. I know Everette Johnson and have known him for about three years. He is in the courtroom today and I saw him on December 2, 1973, at about 7:00 p.m. at my girl friend's house. We were there with Louise Walker, Flora Walker and another guy when Everette came in. We talked and drank and left in Johnson's car and went to the Plaza Motel. Johnson told me he was fixing to go rob the place. I was in the car with Everette and a guy named Goldmouth. He drove to the motel and parked and Johnson got out and I got under the wheel of the car. Goldmouth got out and stayed on the outside of the motel. Johnson went inside of the office and I heard a shot. He came back out and got in the car and I pulled off. He said "I've got me another one." We left the motel and went to his house and split the money up. I think it was about $200 and something. Everette Johnson had a thirty-eight pistol with him when he got out of the car and went into the motel. He had the pistol when he came back to the car. I did not see anyone else go in or out of the motel office after Johnson went into the office.
The witness acknowledged that he had been convicted of previous crimes.
The appellant first contends that the jury was prejudicially influenced by the examination of state's witness Ben Knight by the district attorney when the following transpired:

*662 Q. Do you know why he (Johnson) was arrested, Officer Knight?
A. Yes, sir, he was arrested ...
BY MR. JOHNSON:
I object to any testimony, your honor, about ...
BY THE COURT:
(Interposing) Well, if he knows himself why he was arrested, I think that's all right. I'll let him tell that. Go ahead.
A. He was arrested for a crime committed in Hattiesburg.
BY MR. JOHNSON:
Objection, your honor.
BY THE COURT:
I sustain the objection.
BY MR. JOHNSON:
And move for a mistrial.
BY THE COURT:
No, the jury will not pay any attention to his answer.
We find no merit in this contention because the trial judge admonished the jury to pay no attention to the officer's answer. In Myrick v. State, 290 So.2d 259 (Miss. 1974), we held that when an objection to a question is sustained and the jury is admonished to disregard the question, there is no reversible error. See also Herron v. State, 287 So.2d 759 (Miss. 1974).
It is also argued that an improper remark was made by the district attorney in his closing argument which referred to other crimes to the appellant's prejudice. The district attorney's comment was: "You know why they just happened to pick him up now because of an informer just like Ben Knight told you  they got evidence  ." An objection was interposed, sustained and the defendant moved for a mistrial. The court overruled the motion for a new trial stating: "Just stick to the record, Mr. Peters." We think this was a sufficient admonishment for the jury to disregard the remark. In Holifield v. State, 275 So.2d 851 (Miss. 1973), it was held that when the court sustains objections to improper testimony or improper remarks of counsel, that it is presumed that the jury followed the directions of the trial judge to disregard such testimony or comment. And see Thomas v. State, 285 So.2d 148 (Miss. 1973).
It is next contended that the court erred in refusing appellant the following instruction:
The Court instructs the Jury for Everett Johnson that you are reminded that before you were accepted and sworn to act as jurors, you were asked questions regarding your fairness and your freedom from prejudice or bias of any sort. You were accepted as jurors on the faith of those answers. The law now requires you to keep the faith and to lay aside all bias or prejudice.
The supporting argument is that the defendant is entitled to a fair trial under the United States and Mississippi Constitutions and since it was apparent throughout the trial that the appellant is a member of the black race and the decedent was a member of the Caucasian race, the instruction should have been granted. No authorities are cited in support of the premise of racial bias and the record is devoid of any evidence regarding bias or prejudice. Under this circumstance we are of the opinion this assignment of error is without merit.
It is next urged that the refusal of an instruction concerning the resolution of questions of reasonable doubt in favor of the appellant by the jury should have been granted. We think not. There are several other instructions directed to the same point of law amply advising the jury on the precise point. The jury was adequately instructed in considering the totality of the instructions both by the state and the defendant and because this is so, we think this instruction was properly refused. Fields v. State, 293 So.2d 430 (Miss. 1974).
It is argued that the evidence was insufficient to support the jury's verdict. A detailed review of the appellant's abstract of the record as well as the record itself discloses ample evidence to support the appellant's conviction of a malicious killing in the course of a robbery. The evidence leaves no room for a different verdict.
AFFIRMED.
*663 GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.